[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter presents the division with two separate CT Page 271 questions.
Is the petitioner entitled to sentence review, or is the division without jurisdiction because the sentence was not timely filed and/or resulted from a plea agreement? See General Statutes 51-195 and State v. Palten, 214 Conn. 195,200 (1990). If the division has jurisdiction should the sentence be reduced?
Before addressing the above questions it is necessary to review the history of the case.
Originally petitioner was charged for the crime of murder in violation of General Statutes 53a-54a. This resulted in a mistrial after the jury was unable to reach a verdict.
When the case was assigned for trial a second time an agreement for disposition was reached. Pursuant to the agreement the state filed a substitute information charging petitioner with the crime of manslaughter in first degree in violation of General Statutes 53a-55(a)(1). Petitioner entered a plea of guilty to the charge and after a canvass the court accepted the plea and made a finding of guilty. Subsequently, on January 25, 1991, after a lengthy hearing held in compliance with Connecticut Practice Book 919 the court imposed the maximum sentence of twenty years incarceration. (No application for sentence review was ever filed.)
Petitioner appealed from this conviction. As part of such appeal petitioner claimed as error the court's denial of his "Motion to Correct Illegal Sentence Disposition." The basis of petitioner's claim in this regard was that he had pleaded guilty to first degree manslaughter only under a theory of accessorial liability. See General Statutes53a-8.
The appellate court agreed with petitioner and reversed in part and directed judgement. The case was remanded and the trial court ordered to correct the judgment and the mittimus to reflect accessorial liability under53a-8. The judgment was affirmed in all other respects the sentence imposed was not vacated and the court was not ordered to impose a new sentence. State v. Gamble, 27 Conn. App. 1, CT Page 272 15 n 8.
On March 18, 1992 a hearing on its remand was held before the sentencing judge.
At this hearing petitioner's attorney argued that petitioner should be resentenced and that the court was free to impose whatever sentence it wished. In compliance with this request the court reimposed the original twenty year sentence, but now on the charge of accessory to manslaughter in the first degree.
At this hearing the procedure set forth in Connecticut Practice Book 919 was not followed.
After the court's action petitioner's attorney remarked as follows:
 "Well, I think it might be important, from our point of view at least, is that by reimposing the sentence it makes him eligible for sentence review. And at least he gets that out of this."
It is noted that no request for sentence review was filed after the imposition of sentence on January 25, 1991. General Statutes 51-195 provides that application for sentence review be filed within thirty days from the date sentence was imposed. The division has consistently held that it has no jurisdiction to consider an application filed beyond the statutory limit of thirty days. State v. Hart,29 Conn. Sup. 202 (1971).
A petition for sentence review was filed within thirty days after the March 18, 1992 hearing and is the only petition now before us.
The reimposition of sentence on March 18, 1992 appears to be a nullity and the only sentence imposed was at the hearing on January 25, 1991. No petition for review of this sentence has ever been filed presenting a serious question of jurisdiction.
There is also a question as to whether or not the CT Page 273 sentence imposed was a result of a plea bargain. If it was General Statutes 51-195 precludes this division from reviewing it.
Although the record is not clear on this point from the transcript it may be deduced that, in consideration of petitioner's plea of guilty the charge was reduced from murder to manslaughter in the first degree, and the court indicated that the maximum sentence of twenty years would be imposed. It must be concluded however, that this was not an agreement encompassing a sentence of a specific term of years but that petitioner had a right to argue for a lesser sentence.
The extensive sentencing hearing, held in compliance with Connecticut Practice Book 919, in which the victim's family were allowed to speak for maximum punishment, and petitioner and his supporters were allowed to speak for a lesser sentence indicate that the plea had not been for a definite sentence and that petitioner could therefore petition for review of his sentence. State v. Palten,214 Conn. 195 (1990).
Assuming that the issue is properly before the division should the sentence be reduced?
There is a serious question concerning its facts underlying petitioner's conviction. From the transcripts and other information it must be concluded that there was much bad blood between petitioner and its victim. On the night of his death the victim may well have been the aggressor.
Another party gave petitioner a gun with which petitioner shot the victim. Petitioner claims that this third party then got the gun back and he shot the victim causing his death.
There is no question that the victim, an unarmed man, was shot dead, that petitioner participated in the shooting and has been convicted as an accessory to manslaughter in the first degree in connection with the killing.
In imposing sentence the court indicated the seriousness of the offense in that petitioner participated in CT Page 274 a crime which resulted in the taking of a human life.
Petitioner has a minimal criminal record but it is noted that a 1988 conviction for reckless endangerment involved the use of a shotgun. It is doubtful that this division has jurisdiction here since the petition for review was not filed within thirty days of the imposition of sentence on January 25, 1991. Assuming that jurisdiction does exist, considering the scope of review set forth in Connecticut Practice Book 942, it cannot be found that the sentence is inappropriate or disproportionate.
The sentence is affirmed.
PURTILL, J. KLACZAK, J. NORKO, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.